UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SUSAN YAN,

**COMPLAINT**

JURY TRIAL DEMANDED

Plaintiff,

Civ. Act. No.:

vs.

GENERAL MOTORS,

Defendant.
_____

## INTRODUCTION

1.  This is an action for discrimination and retaliation in violation of the
    Civil Rights Act of 1991, 42 U.S.C. § 1981, and the New York State
    Human Rights Law Section 290, *et seq*.  Plaintiffs seeks
    declaratory relief, and compensatory and punitive damages in an
    amount to be determined at the time of trial.

2.  Jurisdiction of this Court is specifically invoked pursuant to the
    aforementioned statutes, as well as 28 U.S.C. §§ 1331, 1334,
    1343(4) and 29 U.S.C. § 621 *et seq*.  This action also arises under
    42 U.S.C. § 1981.

3.   Venue properly lies in the Western District of New York pursuant to 28 U.S.C. §1391(b) and 29 U.S.C. §1132(e)(2), because the claim arose in this judicial district, the defendant is doing business through a division in this District, and Plaintiff is a resident of this district.

## PARTIES

4.   Plaintiff, at all relevant tines herein, is a resident of Rochester, New York, County of Monroe.

5.   Upon information and belief, the defendant is a domestic corporation organized and existing under the laws of the State of New York, with its offices located in Rochester, New York.

## FACTS

6.   Yan, a Chinese female, was hired by the Respondent on September 30th, 1999.

7.   For all relevant times herein, Yan, was the only female Chinese employee in the position "Engineering Supervisor" at General Motors Fuel Cell Activities.

Page -2-

8.  As the sole Chinese American female in her group, Plaintiff
    believed in good faith to have been denied promotional
    opportunities in the workplace, and was treated differently as a
    result thereof on the basis of her sex (female) and race/national
    origin (Chinese).

9.  In or about 2004, Plaintiff was the first "technical" woman in the
    Research Center to be promoted to "Level 8" along with four other
    non-Chinese males to a supervisory position, but then was not
    given any people to supervise, while Plaintiff's male co-workers
    were given this opportunity.

10. A year later while Plaintiff was pregnant, she took off from work
    one day due to the her pregnancy.

11. The Defendant compelled Plaintiff against her will to visit a mental
    health care provider in order to return to work upon the threat of
    termination.

12. In the interim, Plaintiff has continued to be deprived of promotional
    opportunities, and was continuously denied the ability to have
    supervisory responsibilities that her male non-Chinese American
    co-workers enjoyed.

Page -3-

13. In July of 2007, Plaintiff was again denied a promotional opportunity when the summer intern she had previously trained and who less qualifications than she *became Plaintiff's supervisor.*

14. On December 19th, 2007 Plaintiff wrote an e-mail to her supervisor and complained in good faith that she had been denied promotional opportunities for the past 8 years while similarly situated males were able to take on leadership roles.

15. In response, on January 25th, 2008, Plaintiff was given chapters from a book entitled "Dealing with Ambiguity" and "Organizational Agility" "to read and reflect on," but was not given any supervisory roles despite her title.

16. In January of 2008, Plaintiff was also told by her supervisor that she was "losing the credibility of [her] peers" despite the fact that she had never been written up for any work deficiencies.

17. On or about February 21st, 2008, Plaintiff filed a charge of discrimination with the EEOC, claiming in good faith that she felt she was subject to national origin discrimination in violation of Title VII and the New York State Executive Law.

18.    On August 27th, 2008, Plaintiff was constructively discharged due to the failure of the defendant to take any remedial action to resolve her claim that she had been denied supervisory responsibilities as an Engineering Supervisor.

## FIRST CASE OF ACTION

*42 U.S.C. § 1981 Discrimination*

19.    Plaintiff repeats and re-alleges by reference each and every allegations contained in paragraphs stated above and incorporates the same as though fully set forth herein.

20.    In engaging in the conduct described above, defendant deprived plaintiff of her civil rights pursuant to 42 U.S.C. §1981, in particular, the disparate treatment on the basis of race/national origin (Chinese) suffered by Plaintiff violated the Plaintiff's Fourteenth Amendment right to Equal Protection of the law.

21.    The disparate treatment  suffered by the Plaintiff on account of her race/national origin was egregious and shocking to the conscience. As a direct result, plaintiff was caused to undergo the humiliation and indignities from the discrimination she suffered, and was caused and will continue to undergo and endure severe mental anguish, humiliation and economic hardship as a consequence thereof.

22.    As a result of the defendant's deprivations of Plaintiff's civil rights,
       Plaintiff has been damaged in an amount to be determined by a
       jury at the time of trial.

23.    That Plaintiff demands costs and attorney fees pursuant to 42
       U.S.C. §1988.

### SECOND CASE OF ACTION

*42 U.S.C. § 1981 Retaliation*

24.    Plaintiff repeats and re-alleges by reference each and every
       allegations contained in paragraphs stated above and incorporates
       the same as though fully set forth herein.

25.    In engaging in the conduct described above, Plaintiff engaged in
       protected activity pursuant to 42 U.S.C. §1981, in particular,
       Plaintiff filed a charge of discrimination with the EEOC in good faith
       alleging that she had been subject to disparate treatment on the
       basis of her race/ national origin.

26.    In retaliation for having engaged in protected activity under Section
       1981, Plaintiff was constructively discharged on August 27th, 2008
       after the defendant failed to take any remedial action whatsoever.

27. As a result of the defendant's deprivations of Plaintiff's civil rights, Plaintiff has been damaged in an amount to be determined by a jury at the time of trial.

28. That Plaintiff demands costs and attorney fees pursuant to 42 U.S.C. §1988.

### THIRD CAUSE OF ACTION

*New York State Executive Law § 290 et seq.*

29. Plaintiff repeats and re-alleges by reference each and every allegations contained in the above stated paragraphs and incorporates the same as though fully set forth herein.

30. Defendants, through its agent, engaged in a continuing pattern of unremedied race and sex discrimination by subjecting Plaintiff to disparate treatment based on national origin and sex in violation of The New York State Human Rights Law, ("NYSHRL") Executive Sections 290, *et seq.* This claim does not raise a novel or complex issue of law.

31. Defendant at all times relevant herein had actual and constructive knowledge of the conduct described herein.

32. As a result of the disparate treatment based on race that resulted in Plaintiff's termination, the Plaintiff suffers from severe emotional distress.

33. Defendant failed to comply with their duty to take all reasonable and necessary steps to eliminate harassment from the workplace and to prevent it from occurring in the future.

34. As a direct and proximate result of the defendant's willful, knowing and intentional discrimination against her, Plaintiff has suffered and will continue to suffer pain and suffering and extreme and severe mental anguish and emotional anguish and emotional distress; and for other incidental expenses, and she has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

**WHEREFORE,** Plaintiff prays that judgement be entered in her favor in accord with the causes of action alleged above.

Page -8-

DATED:     November 9, 2009
           Rochester, New York

*CHRISTINA A. AGOLA, PLLC*

/s/ Christina A. Agola, Esq.

Christina A. Agola, Esq.

Attorneys for  Plaintiff
2100 First Federal Plaza
28 East Main Street
Rochester, New York 14614
585.262.3320
cagola@agolalaw.com